UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Giuseppe Bruno, ) | |
| ) | |
| Plaintiff, ) | No. 19-cv-06710 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| Global Experience Specialists, Inc., and ) | |
| Correct Construction, Inc., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Giuseppe Bruno slipped and hurt his knee while working at Chicago's McCormick Place convention center, so he filed this lawsuit. R. 1-1, Compl.[1] Bruno originally brought suit in state court, blaming Global Experience Specialists, Inc. (known in its industry as GES) and Correct Construction, Inc. for negligence. *Id.* Correct filed a timely notice of removal to federal court, properly alleging that diversity jurisdiction applies, 28 U.S.C. § 1332.[2] R. 1, Notice of Removal; *see also* R. 1-2, GES Notice of Consent to Removal. The Defendants now move to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. R. 11, GES Mot. to Dismiss ¶ 1; R. 16, Correct Construction Mot. to

---

[1] Citations to the record are noted as "R." followed by the docket number.
[2] Diversity jurisdiction applies because Bruno is a citizen of Illinois; GES is incorporated in Nevada with its principal place of business in Nevada; and Correct is incorporated in Indiana with its principal place of business there. The amount in controversy exceeds $75,000.

Dismiss ¶ 2. For the reasons discussed below, the motions to dismiss are granted, but with leave to file an amended complaint.

## I. Background

In evaluating the motions to dismiss, the Court accepts as true the allegations in the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In September 2018, Bruno was working at the McCormick Place exhibition complex in Chicago. Compl. ¶ 6. His employer was Metro Exhibits Corporation. *Id.* Separate from all of that, GES was under contract to perform services at McCormick Place; GES in turn hired Correct Construction as a subcontractor. *Id.* ¶¶ 7, 8. There is no suggestion in the Complaint that either GES or Correct had any contractual relationship with Bruno.

While working at McCormick Place, Bruno was pushing a crate with a pallet jack in a designated freight area. Compl. ¶ 9. According to Bruno, Correct Construction employees had "spilled, leaked[,] or otherwise allowed [hydraulic oil] to collect on the floor." *Id.* ¶ 10. Bruno slipped on the oil and "severely injured" his knee from the fall. *Id.* ¶¶ 10-12.

Bruno now brings this suit, alleging that Defendants are liable for negligence. Specifically, Bruno argues that Correct and GES each owed him a duty to use ordinary care in "preventing hazardous and dangerous conditions for persons at McCormick Place while conducting business there." Compl. ¶¶ 14, 18. And he claims that it was their "acts" that caused his fall. *Id.* ¶¶ 16, 20.

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[3] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

III. Analysis

Bruno asserts that both GES and Correct Construction were negligent and caused his knee injury. Compl. ¶¶ 15, 19. To state a claim for negligence under Illinois law, "a plaintiff must establish that the defendant had a duty toward the plaintiff, that he breached that duty, and that the breach was a proximate cause of the plaintiff's injury." *Mason v. Ashland Expl., Inc.*, 965 F.2d 1421, 1425 (7th Cir. 1992) (citing *Gouge v. Cent. Ill. Pub. Serv. Co.*, 582 N.E.2d 108, 111 (1991)). The Court will discuss the two negligence claims in turn.

### A. Correct Construction (Count One)

Starting with the negligence claim against Correct Construction, Bruno alleges that Correct had a duty to use ordinary care in "preventing hazardous and dangerous conditions for persons at McCormick Place." Compl. ¶ 14. But that's it. There is nothing more about Correct's alleged duty to Bruno. It is true that Bruno gets the benefit of reasonable inferences and facts must be reasonably viewed in his favor. But even when viewed through that lens, there simply is no other *factual* content that would allow the Court to infer that Correct owed a duty to Bruno that day.

The crux of the problem is that the Complaint does not provide even a basic description of Correct Construction's role in handling the hydraulic oil. Nor does the Complaint explain Correct's relationship with Bruno. Without more, the Court cannot infer that Correct owed a duty of care to Bruno. It is true that the pleading barrier is not all that high; a plaintiff need not plead extensive facts to successfully plead negligence. This is especially so given that, generally speaking, complaints

4

"need not set out either legal theories or comprehensive factual narratives." *Rapid Test Products, Inc. v. Durham School Servs., Inc.*, 460 F.3d 859, 860 (7th Cir. 2006). And of course, Bruno does not have to submit evidence at this stage. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (citing *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986)). But here Bruno offers no facts to support a plausible inference that Correct owed him a duty. All he says is that Correct "allowed" the hydraulic oil to collect on the floor. Compl. ¶ 10. But what does "allowed" mean in that context? It would be one thing if Bruno had alleged that Correct Construction *used* hydraulic oil at McCormick Place on the day of the accident, a fact from which the Court could infer a duty of care to Bruno. But Bruno alleges nothing of the sort.

Going outside the Complaint, Bruno does explain in his response brief that Correct was in charge of handling the machines using hydraulic oil. R. 23, Pl. Resp. Br. at 5. But the problem is that this fact was not included in the Complaint itself. It is well established that courts generally only look to matters within the four corners of the complaint in deciding a motion to dismiss. *See* Fed. R. Civ. P. 12(d); *see also Burke v. 401 N. Wabash Venture, L.L.C.*, 714 F.3d 501, 505 (7th Cir. 2013) ("In general, a court may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion.") (cleaned up). Within its four corners, Bruno's Complaint offers insufficient facts to support his negligence claim.

That being said, the Seventh Circuit has recognized an exception to this four-corners rule by allowing plaintiffs "much more flexibility in opposing a 12(b)(6) motion" under certain circumstances. *Heng v. Heavner, Beyers & Mihlar, L.L.C.*, 849

F.3d 348, 354 (7th Cir. 2017) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). But this "flexibility is not without limitations." *Id.* Here, Bruno cites *Geinosky* for the proposition that plaintiffs opposing a Rule 12(b)(6) motion may elaborate on their factual allegations "so long as the new elaborations are consistent with the pleadings." *See* Pl. Resp. Br. at 2 (citing *Geinosky*, 675 F.3d at 745 n.1). But *Geinosky* is distinguishable from Bruno's case.

In *Geinosky*, the plaintiff appealed the dismissal of a lawsuit against eight Chicago Police officers for issuing 24 bogus parking tickets. 675 F.3d at 745.. In evaluating the motion to dismiss, the Seventh Circuit considered, in addition to the plaintiff's complaint, a newspaper story reporting that an internal investigation led to a recommendation to fire the officers. *Id.* Because the plaintiff's complaint had already alleged facts that revealed a pattern of "deliberate and unjustified official harassment," the newspaper story was consistent with the facts in the complaint. *Id.*; *but cf. Chavez v. Ill. State Police*, 251 F.3d 612, 650 (7th Cir. 2001) (finding the new factual allegation raised on appeal was not consistent with the complaint and therefore could not be considered). But the exception does not give plaintiffs *carte blanche* to amend a complaint through a response brief.

In his response brief, Bruno misconstrues *Geinosky*, arguing that disputes over the "adequacy of the evidence" are not "properly resolved on a motion to dismiss." 675 F.3d at 745 n.1; Pl. Resp. Br. at 2. But the problem with Bruno's case is not the adequacy of evidence; rather, it is the adequacy of his *allegations*. Here, Bruno alleges that Correct was under subcontract to "perform services" for GES at McCormick

6

Place, only adding that Correct "allowed" hydraulic oil to collect on the floor, without any other facts. Compl. ¶¶ 8, 10. The Complaint is sparse—so sparse that considering facts in the response brief as "consistent" would amount to allowing Bruno to amend the deficient complaint. It is a "basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). So the additional facts in Bruno's response brief cannot resolve the lack of information about Correct's role in the Complaint.

The bottom line is that Bruno's Complaint is insufficient, and his response brief cannot save it. So the negligence claim against Correct is dismissed, but without prejudice. Given that Bruno has not yet amended his complaint, the Court will permit him to replead the claim against Correct. Fed. R. Civ. P. 15(a)(2); *see Airborne Beepers & Video Inc. v. AT&T Mobility LLC*, 499 F.3d 633, 666 (7th Cir. 2007). Indeed, "[d]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011) (cleaned up); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Ultimately, "[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (cleaned up). There is no reason to think that Bruno has caused undue delay or has a dilatory motive. So Bruno shall file an amended complaint and he may include the allegations based on

7

his response brief, which probably will be enough to adequately state the negligence claim. The deadline to submit the amended complaint is September 17, 2020.

## B. GES (Count Two)

Next up is Bruno's negligence claim against GES. Once again, Bruno does not include enough facts in the Complaint to state a plausible claim for relief. As with the claim against Correct, Bruno's Complaint does not describe GES's role in handling the hydraulic oil or GES's relationship with Bruno.

There is also an additional hurdle when it comes to the claim against GES. Specifically, Illinois law places limits on a principal contractor's liability for its subcontractor's negligence. *See Miller v. Ill. Cent. R.R. Co.*, 474 F.3d 951, 956 (7th Cir. 2007) (citing Restatement (Second) of Torts § 414 (1965)). In particular, a principal contractor is liable for its subcontractor's negligence if the principal contractor retained control of the subcontractor's work. *Id.* But here, Bruno does not provide any facts to explain the relationship between GES and Correct that would give rise to an inference of GES's vicarious liability. And as explained above, Bruno's response brief cannot serve to amend his deficient Complaint.

Because the Complaint is insufficient, Bruno's negligence claim against GES is dismissed. Again, Bruno is granted leave to amend. To present a well-pleaded claim for GES's negligence in an amended complaint, Bruno should address the specific limitations on a principal contractor's liability for its subcontractor.

## IV. Conclusion

The motions to dismiss are granted without prejudice. The defects can be readily fixed, so Bruno may reallege both negligence claims in an amended complaint

8

Case: 1:19-cv-06710 Document #: 49 Filed: 09/03/20 Page 9 of 9 PageID #:162

by September 17, 2020. Because in all likelihood the claims will be adequately alleged the second time around, discovery shall proceed.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 3, 2020